UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erfan AGHAMOHAMMADITAJIBIYOUK,<br><br>                          Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>                          Respondents. | Case No.:  26-cv-0953-AGS-MMP<br><br>**ORDER REQUIRING RETURN** |

Petitioner Erfan Aghamohammaditajibiyouk seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In April 2024, Aghamohammaditajibiyouk, "a native and citizen of Iran," entered the United States "without authorization." (ECF 1, at 3.) More than a year later, on "July 6, 2025," he was "arrested" and detained by Immigration and Customs Enforcement. (*Id.*) He is still in custody and asserts that his ongoing detention violates his "due process" rights. (*Id.*) But his immigration case's posture complicates his claim. On "November 25, 2025," an immigration judge "denied his application for relief and ordered him removed from the United States to Iran." (*Id.*) If that were the end of the story, this petition would

be premature because it has been less than the post-removal-order "period of 90 days" during which the government "shall detain" the petitioner. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). But he has "appealed the removal order," or at least is attempting to do so through a "motion to reopen" with "the Board of Immigration Appeals." (ECF 1, at 3.) If he were to successfully reopen his case, that would vacate the final removal order and this case would likely come down to whether his re-detention is governed by 8 U.S.C. § 1225, which imposes mandatory detention upon "arriving aliens," or 8 U.S.C. § 1226, which authorizes release on bond or conditional parole.

So, this challenge merits an answer. The two Courts of Appeals to address the statutory question that would likely arise disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the United States "illegally many years ago" must "be detained" without a bond hearing). But most petitioners have nonetheless obtained habeas relief in functionally identical cases. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts").

By **February 23, 2026**, the government must answer. Any reply by the petitioner is due **February 27, 2026**, and the Court will hold a hearing on **March 3, 2026, at 2:00 p.m.**

Dated:  February 17, 2026

Hon. Andrew G. Schopler
United States District Judge

2

26-cv-0953-AGS-MMP